IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF CHAD LOGAN, BY AND THROUGH PAULA LOGAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHAD LOGAN;<br><br>Plaintiff,<br><br>v.<br><br>THOMAS S BUSCH, MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP,<br><br>Defendants. | Case No. 4:21-cv-00416-RK |

## ORDER

On December 6, 2021, the Court entered an order denying Defendant Thomas S. Busch and Martin, Pringle, Oliver, Wallace & Bauer, LLP's ("Firm") motion to dismiss for improper venue and failing to state a claim (based on the statute of limitations) ("prior order"). (Doc. 32.) In the prior order, the Court also addressed Defendants' motion to dismiss for lack of personal jurisdiction. As to the Firm, the Court denied the motion to dismiss for lack of personal jurisdiction. (*See id.* at 8-12 (finding Missouri courts could, consistent with due process, exercise specific jurisdiction over the Firm in this case).) As to Mr. Busch, however, the Court found personal jurisdiction lacking. (*See id.* at 13-19.)

In lieu of dismissing Mr. Busch for lack of personal jurisdiction, the Court *sua sponte* considered whether transfer under 28 U.S.C. § 1404(a) to the United States District Court for the District of Kansas is appropriate in this case, and ordered the parties to file supplemental briefing on this issue. (Doc. 32 at 22-24.) The parties each filed supplemental briefs as requested. (Docs. 33, 34, 35.)[1] After due consideration of the parties' supplemental briefing, for the reasons explained below, the Court *sua sponte* finds transfer to the District of Kansas is appropriate pursuant to § 1404(a).

---

[1] The parties did not agree in their briefing whether this case should be transferred under § 1404(a). In their brief, Defendants supported transfer while Plaintiff opposed transfer.

Accordingly, in lieu of dismissing Mr. Busch for lack of personal jurisdiction, Defendant's motion to dismiss Mr. Busch for lack of personal jurisdiction is **DENIED** and the case is hereby **TRANSFERRED** to the United States District Court for the District of Kansas pursuant to § 1404(a).

I. **Legal Standard**

As explained in the prior order, under § 1404(a), the Court may transfer any civil action to any other district where it might have been brought to promote the convenience of parties and witnesses, and the interests of justice. Courts in this district have long held a case may be transferred pursuant to § 1404(a) even when the Court lacks personal jurisdiction over a defendant. *See Conrad v. Mo. Walnut Grp., LLC*, No. 4:18-cv-00716-NKL, 2019 WL 3554719, at *3 (W.D. Mo. Aug. 5, 2019) (collecting cases where courts in this district "have found transfer under Section 1404 appropriate where personal jurisdiction over a defendant was lacking"); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784-85 & 785 n.4 (W.D. Mo. 1989). While parties may certainly move to transfer a case under § 1404(a), the Court may also consider transfer *sua sponte*. *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) ("There is authority supporting the district court's ability to *sua sponte* transfer a case under § 1404(a)) (citing *I-T-E Circ. Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965)) (other citations omitted); *McClain v. Wal-Mart/Sam's Club*, No. 4:20-CV-1607 RLW, 2020 WL 7024211, at *1 (E.D. Mo. Nov. 30, 2020); *Clark v. Transam. Life Ins. Co.*, No. 4:09-CV-00877 GTE, 2010 WL 2899377, at *3 (E.D. Ark. June 18, 2010).

In considering whether to transfer a case under § 1404(a), the Eighth Circuit has instructed district courts to consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice," in addition to "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). Under the interests of justice prong, courts consider judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Id.* at 696; *Matthews v. BNSF Ry. Co.*, No. 16-03211-CV-S-RK, 2016 WL 7404716, at *1 (W.D. Mo. Dec. 21, 2016). Courts must also consider relevant unenumerated factors. *Terra*, 119 F.3d at 691. The purpose of the statute is to "prevent the waste 'of time, energy and money' and

'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The ultimate transfer decision should be based on the totality of the circumstances. *Terra*, 119 F.3d at 691; *see also Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 980 (E.D. Mo. 2016) ("Ordinarily [in considering transfer under § 1404(a)], the district court will weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice.") (citation and quotation marks omitted).

In sum, "section 1404(a) provides for transfer to a *more* convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected. Transfer should be denied if the factors are evenly balanced or weigh only slightly in favor of transfer." *Gomes v. Am. Cent. Cos., Inc.*, No. 10-0083-CV-W-SOW, 2011 WL 13290645, at *2 (W.D. Mo. Feb. 18, 2011) (citation, quotation marks, and internal alterations omitted); *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, No. 04-3421-CV-S-RED, 2005 WL 8170439, at *2 (W.D. Mo. Sept. 15, 2005).

## II. Discussion

### A. Where this case "might have been brought"

First, the Court considers whether this case "might have been brought" in the District of Kansas. In the Amended Complaint, Plaintiff alleged federal jurisdiction was proper under 28 U.S.C. § 1332(a)(1) – diversity jurisdiction. Plaintiff is considered a resident of Missouri for diversity purposes (where Mr. Logan resided at the time he died) and Defendants are both residents of Kansas. This legal malpractice lawsuit also appears to satisfy the amount-in-controversy requirement for diversity jurisdiction, where the damages Mr. Logan suffered from the alleged malpractice concerns, as alleged in the Amended Complaint, forfeiture of "his status as a beneficiary of Trusts containing millions of dollars of assets." Accordingly, it appears this case "might have been brought" in the District of Kansas. *See* 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides, [i]f all defendants are residents of the State in which the district is located"). Plaintiff provides no argument to the contrary.

3

B. **Section 1404(a) Factors**

Next, the Court must consider the enumerated and unenumerated factors under § 1404(a).

1. **Convenience of the parties**

As to the convenience of the parties, Mr. Busch resides in Kansas and the Firm is incorporated and has its principal place of business in Kansas.[2] Plaintiff argues the proximity of this Court with the District of Kansas demonstrates there is little to no "convenience benefit" that favors transfer in this case. Plaintiff presents no legal authority, however, and the Court is aware of none, that transfer to an adjacent district can never be found to be in the convenience of the parties based on geographic proximity, particularly considering convenience to resident-defendants in the proposed transferee district. *But see Auld v. Value Place Mgmt., LLC*, No. 08-0798-CV-W-REL, 2009 WL 10690188, at *2 (W.D. Mo. May 7, 2009) (transferring case from this district to the District of Kansas considering, in part, that the defendant-corporation resided in Kansas rather than Missouri). Plaintiff (as the Estate of Chad Logan) is considered a resident of Missouri since Chad Logan was residing in Missouri at the time of his death. Although not a "party" in the traditional sense, it is notable here – as Defendants assert in their supplemental brief and Plaintiff does not contest – that Paula Logan, serving as personal representative of Chad Logan's estate, herself resides in Kansas. (Doc. 33 at 6.) Considering the particular circumstances of this case, the Court finds the convenience of the parties favors transfer.

2. **Convenience of the witnesses**

Additionally, the Court must consider the convenience of the witnesses. Defendants argue "[t]hirty of the forty anticipated witnesses reside in Kansas," including the personal representative of Chad Logan's estate (and Mr. Logan's mother, Paula Logan), and Mr. Logan's wife (Amanda Logan), among others. (Doc. 33 at 4.)) Defendants do not explain the importance of these witnesses either standing alone or relative to the six witnesses who Defendants state reside in Missouri. "[S]heer numbers of witnesses will not decide which way the convenience factor tips." *Terra Int'l*, 119 F.3d at 698. For its part Plaintiff argues the "key witnesses" in this case are Mr. Busch (who, as noted above, resides in Kansas) and Professor David English (a law professor

---

[2] As noted in the prior order, the Firm has a Kansas City, Missouri, office. This case was initially removed from state court to this Court on the basis of diversity jurisdiction. Plaintiff withdrew its challenge to the removal. While the Court found it could exercise specific jurisdiction over the Firm based, in part, on the existence of its Kansas City, Missouri, office, it remains that the Firm "resides" in Kansas and, as the parties' pleadings in this case support, the scope of the Firm's involvement with Mr. Logan did not include its Kansas City, Missouri, office.

4

based in Columbia, Missouri). Plaintiff argues transfer to the District of Kansas could prejudice Plaintiff since it may not be able to secure Professor English's appearance at trial under a subpoena were the case transferred to the District of Kansas.[3] Of course, even if this case were to remain here, it is not immediately clear Professor English, based in Columbia, Missouri, would be subject to a subpoena, either. *See* Rule 45(c)(1)(B)(ii) (a subpoena may require attendance at trial "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial *and would not incur substantial expense*") (emphasis added). Plaintiff's base assumption – with nothing more – that Professor English may not voluntarily appear at trial in Kansas is not due considerable weight. *See Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985) (while it is a factor, ability to compel witnesses to attend at trial "is not controlling where . . . [it is] merely assumed that the witnesses in question would not appear voluntarily at trial") (citations omitted). Additionally, Defendants indicate in their brief they intend to designate Professor English as an expert witness and produce him at trial. (Doc. 35 at 2.) In any case, there are reasonable alternatives to securing Professor English's testimony in this matter such as by deposition, even were he to resist voluntarily appearing at trial in Kansas. On this record, the Court finds this factor is at least neutral to transfer.

### 3. Interests of Justice

Finally, the Court considers the interests of justice, including judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law.

To start, the Court recognizes, generally there is a strong presumption in the plaintiff's choice of forum, and particularly so "when the plaintiff is a resident of the forum in which suit is brought." *Masa LLC v. Apple, Inc.*, No. 4:15-CV-00889-AGF, 2016 WL 629263, at *3 (E.D. Mo. Feb. 17, 2016) (citation and quotation marks omitted); *see Terra*, 119 F.3d at 695 ("federal courts give considerable deference to a plaintiff's choice of forum"). At the same time, however, this deference is weakened "when the operative facts occurred in another forum." *Ascension Health Alliance v. Ascension Ins., Inc.*, No. 4:15CV283 CDP. 2015 WL 5970487, at *2 (E.D. Mo. Oct.

---

[3] Federal Rule of Civil Procedure 45(c)(1)(A) states: "A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."

5

13, 2015) (citing *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 877 (E.D. Mo. 2000)). As explained in the prior order, Defendants' connection to Missouri, in the unique circumstances of this case, is fairly limited. For instance, the Firm's only connection to Missouri is its office in Kansas City and that its alleged malpractice in representing Mr. Logan ultimately impacted his interest in a Missouri trust. At the time the Firm represented Mr. Logan, though, it appears he was a Kansas resident and the Firm's representation of Mr. Logan occurred within Kansas and directly involved a lawsuit filed under Kansas law and in Kansas state court. Even though the presence of the Firm's Missouri office is enough to support personal jurisdiction in this matter under recent guidance by the Supreme Court, this office was not directly involved with the Firm's representation of Mr. Logan. Similarly, Mr. Busch's contacts with Missouri were also limited during his representation of Mr. Logan. His only Missouri contacts (which, unlike the Firm, are not sufficient to establish personal jurisdiction in this case) were two in-person meetings with counsel for the Trustees against whom the Kansas Lawsuit would later be filed and remote consultation on the No-Contest provision with Professor English.

As the Court recognized in the prior order, Plaintiff's legal malpractice claim rests on allegations of both affirmative acts as well as an omission (or failure to act). The affirmative acts on which Plaintiff's legal malpractice claim rests – allegedly advising Mr. Logan that pursuing the lawsuit against the Trustees in Kansas state court would not violate the No-Contest provision of the trusts and filing the lawsuit in Kansas state court – occurred wholly in Kansas and when Mr. Logan was a Kansas resident. The omission – allegedly failing to use a known "safe-harbor" procedure under Missouri law to test the contemplated Kansas Lawsuit against the No-Contest provision before filing the lawsuit – involves a Missouri legal procedure. And, of course, Plaintiff's legal malpractice claim rests on the loss of Mr. Logan's beneficiary interest in a Missouri trust. In the context of this particular case, it is particularly relevant the affirmative acts supporting Plaintiff's legal malpractice action occurred wholly in Kansas. It seems that had Defendants not advised Mr. Logan that the Kansas Lawsuit would not violate the No-Contest provision and, more importantly, had they not filed the Kansas Lawsuit against the Trustees, the alleged omission under Missouri law is of much less import in the immediate context.[4] As a result, Plaintiff's choice of forum is due much less deference than otherwise.

---

[4] To underscore the point, Plaintiff's argument as to when Mr. Logan's legal malpractice claim accrued (for purposes of addressing the statute of limitations, itself a disputed issue in this case as explained

6

Moreover, while Mr. Busch is undoubtedly subject to personal jurisdiction in Kansas courts, he is not subject to personal jurisdiction in this Court regarding the instant lawsuit and Plaintiff's claim for legal malpractice against him. As a general matter, "the avoidance of 'duplicative and piecemeal litigation is a factor that weighs in favor of transferring an action to a district in which all parties can be joined in a single action." *Houk*, 613 F. Supp. at 931 (citation and quotation marks omitted).

In its supplemental brief opposing transfer, though, Plaintiff represents it is "content to proceed against [the Firm] in this Court . . . and Plaintiff does not intend to pursue a separate malpractice case against [Defendant] Busch in a different District." (Doc. 34 at 6.) Defendants argue despite Plaintiff's statement in its brief, Defendant Busch "remains exposed to having to defend himself in a Kansas Court (until such claim is dismissed as time-barred)." (Doc. 35 at 3.) Because the Court it is not clear Plaintiffs could not bring an identical lawsuit against Mr. Busch in Kansas (either in Kansas state court – which, under the forum-defendant rule, would not be removable to federal court – or the federal district court sitting in Kansas) at this time, and the clear risk of inconsistent judgments or verdicts were this to occur, the Court finds this factor favors transfer to the District of Kansas where Plaintiff's claims of legal malpractice it has asserted as against both Mr. Busch and the Firm can be adjudicated in whole and at the same time.

Finally, the Court considers conflict of law issues and the advantages of a local court determining questions of local law. Defendants maintain Kansas law ultimately governs the substantive legal malpractice claim Plaintiffs assert against them. Plaintiff does not contest this assertion in its response. Moreover, it appears this case involves critical issues not just of Plaintiff's substantive legal malpractice claim, but the preliminary issue of whether Plaintiff's claim is barred by the statute of limitations. While the parties disagree on whether the claim is time-barred, they seem to agree on the basic framework of deciding the statute-of-limitations issue in this case. Principally, the parties seem to agree *when* and *where* Plaintiff's legal malpractice

---

below) relies on the declaratory judgment action the Trustees filed against Mr. Logan seeking a judgment that the prior Kansas Lawsuit Defendants filed on Mr. Logan's behalf violated the No-Contest provision in the trusts. Significantly, this declaratory judgment action was filed in *Kansas* state court against Mr. Logan, and the *Kansas* court ultimately issued a declaratory judgment that the prior Kansas Lawsuit violated the No-Contest provision in the trusts.

action against Defendants "accrued" or "originated" under Missouri's borrowing statute[5] relative to Mr. Logan's Kansas-turned-Missouri residency is critical to this issue. Defendants, for their part, argue that under this analysis, Kansas' two-year statute of limitations (K.S.A. § 60-514) will apply. On the other hand, Plaintiff argues Missouri's five-year statute of limitations (Mo. Rev. State. § 516.120) applies in this case.

The Court is not persuaded by Plaintiff's argument that just because resolution of the statute-of-limitations issue concerns Missouri's borrowing statute – which may very well involve looking to Kansas' statute of limitations law – transfer to the District of Kansas is not appropriate. The critical question is *when* Plaintiff's legal malpractice cause-of-action accrued or originated and then *where* Plaintiff was residing at that time. If the answer is "Kansas," the question then becomes whether Plaintiff's legal malpractice claim is time-barred under Kansas' statute of limitations.[6] Alternatively, if the answer is "Missouri," Plaintiff's claim is not time-barred and continues forward, for which Defendants maintain (and Plaintiff does not provide any argument to the contrary here) that Kansas substantive law applies. To the extent the District of Kansas would be required to apply Missouri's borrowing statute[7] and thus would be deciding the law of a

---

[5] Mo. Rev. Stat. § 516.190: "Whenever a cause of action has been fully barred by the laws of the state . . . in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

[6] The Kansas Supreme Court has expounded four theories under which a legal malpractice claim accrues and the statute of limitations begins to run:

> (1) The occurrence rule—the statute begins to run at the occurrence of the lawyer's negligent act or omission.
>
> (2) The damage rule—the client does not accrue a cause of action for malpractice until he suffers appreciable harm or actual damage as a consequence of his lawyer's conduct.
>
> (3) The discovery rule—the statute does not begin to run until the client discovers, or reasonably should have discovered, the material facts essential to his cause of action against the attorney.
>
> (4) The continuous representation rule—the client's cause of action does not accrue until the attorney-client relationship is terminated.

*Pancake House, Inc. v. Redmond*, 716 P.2d 575, 579 (Kan. 1986). The critical inquiry is "that point in time at which the plaintiff could first have filed and prosecuted his action to a successful conclusion." *Id.* (citations omitted).

[7] In opposing transfer, Plaintiff states, and the Court generally agrees, that when a case is transferred under § 1404(a), the transferee court applies the same law as the transferor court, sitting in diversity jurisdiction. *See, e.g.*, *Van Dusen*, 376 U.S. at 639; *Thorn v. Int'l Bus. Machs., Inc.*, 101 F.3d 70, 72 (8th

different state than the one in which it sits (which federal courts sitting in diversity jurisdiction regularly do as a matter of course) the totality of the circumstances of this case as explained above otherwise outweigh this consideration in favor of transfer.

For all of the reasons explained above, the Court finds the interest of justice factor weighs in favor of transfer to the District of Kansas. In particular, the Court finds this factor weighs in favor of transfer because it appears (and Plaintiff does not contest) Kansas substantive law applies to its legal malpractice claim; Plaintiff may enforce a judgment against Mr. Busch in the District of Kansas while it may not do so in this Court for lack of personal jurisdiction, and as a result, the clear advantage in judicial economy and avoiding duplicitous or inconsistent judgments in adjudicating this dispute in Kansas; and because the majority of the operative facts underling Plaintiff's legal malpractice claim occurred in Kansas rather than Missouri.

### C. Conclusion

In sum, "section 1404(a) provides for transfer to a *more* convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected. Transfer should be denied if the factors are evenly balanced or weigh only slightly in favor of transfer." *Gomes*, 2011 WL 13290645, at *2 (citation, quotation marks, and internal alterations omitted). Looking at the enumerated and unenumerated factors as explained above and the totality of the case-specific circumstances in this case, the Court finds the District of Kansas is a more convenient forum and therefore that transfer is appropriate under § 1404(a). Accordingly, it is **ORDERED** as follows:

(1) Defendant's motion to dismiss Defendant Busch for lack of personal jurisdiction (Doc. 11) is **DENIED**; and

---

Cir. 1996) ("The statute of limitations from the transferor court governs diversity cases transferred to another federal venue.") (citing *Van Dusen*). Thus, Plaintiff argues, whether the case remains here or is transferred to the District of Kansas, Missouri's borrowing statute would apply. (*See* Doc. 34 at 7.) This Court and the District of Kansas are at least in the same position to decide this statute-of-limitations question that very likely involves, as the parties have argued in this case to this point, Missouri's borrowing statute and Kansas' statute of limitations, making this factor on its own neutral to transfer.

The Court recognizes that other courts have suggested a different choice-of-law rule applies when a case is transferred for lack of personal jurisdiction. *See, e.g.*, *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 967 (9th Cir. 1993) (choice-of-law rules of transferee applies in this circumstance) (citing *Davis v. La. State Univ.*, 876 F.2d 412, 414 (5th Cir. 1989)); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3846 & n.30 (4th ed. 2021) (*Van Dusen* does not apply and choice-of-law of transferee court applies when transferred for lack of personal jurisdiction) (collecting cases). Whatever the case, however, this Court and the District of Kansas appear to be at least in the same position to decide the instant statute-of-limitations question that under the unique circumstances of this case invariably involves mixed questions of both Missouri and Kansas law.

(2) this case is **TRANSFERRED** to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 23, 2022